IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30612
Summary Calendar
_____


RICHARD CURTIS, Estate of; MARLA POUNDS;
DEONE BRIGGS; RONICE LEWIS; RASHAD T.
SCOTT; CINTREL ROBINSON, on behalf of her
minor child Jawain Robertson,

                                   Plaintiffs-Appellants,

versus

THE CITY OF NEW ORLEANS; DAVID SINGLETON;
RICHARD PENA; JOHNNY PENA; EDUARDO PENA;
RENARD SMITH; AMY ST. PIERRE PENA,

                                   Defendants-Appellees.

----------------------------------

ROBERT C. PITRE, SR., on behalf of his
minor grandchild, Glenn F. Pitre; DIANE D.
PITRE, on behalf of her minor grandchild,
Glenn F. Pitre,

                                   Plaintiffs-Appellants,

versus

THE CITY OF NEW ORLEANS; DAVID SINGLETON;
RICHARD PENA; JOHNNY PENA; EDUARDO PENA;
TROY WATTS; RANDALL WATTS; AMY ST. PIERRE
PENA,

                                   Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-3733-D
USDC No. 99-CV-959-D

April 19, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiffs argue that the district court erred in dismissing their 42 U.S.C. § 1983 claims. The district court, after conducting a non-jury trial, concluded that plaintiffs' claims were prescribed.

Plaintiffs argue that they were unable to learn of their claims due to defendants' fraudulent concealment of their involvement in the murders of Richard Curtis and Robin Pitre. Plaintiffs offered no evidence at trial to prove this alleged concealment. Also, any alleged concealment ended when the details of the murders were made available in the public record, in newspaper articles, and in television news broadcasts, and plaintiffs did not show that they tried to gain access to this information with reasonable due diligence. See McGregor v. Louisiana State Univ., 3 F.3d 850, 865 (5th Cir. 1993).

Plaintiffs alternatively argue that the district court erred in dismissing their claims against Renard Smith (Smith) and Amy St. Pierre Pena as articles detailing their involvement in the murders were not published until December 9, 1998, and April 15, 1999, respectively. As the April 15, 1999, article was not produced before the district court, the argument concerning Amy St. Pierre Pena will not be considered. See Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999), cert. denied,

---

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

120 S. Ct. 2004 (2000).  Based upon the newspaper articles introduced at trial, the district court could have concluded that, more than one year before plaintiffs filed their original complaints, there was sufficient information published in the Times Picayune to incite inquiry with respect to Smith's involvement in the murders.  See National Council on Compensation Ins. v. Quixx Temporary Servs. Inc., 665 So. 2d 120, 124 (La. App. 4th Cir. 1995).  Accordingly, the district court did not clearly err in dismissing plaintiffs' claims against Smith.

AFFIRMED.